98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BOC HEALTH CARE, INC., Plaintiff-Appellant,
v.
NELLCOR INCORPORATED, Defendant-Cross/Appellant.
 No. 95-1494, 96-1072.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1996.
 
 Before ARCHER, Chief Judge, MAYER, and PLAGER, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 BOC Health Care, Inc. (BOC) appeals the judgment of the United States District Court for the District of Delaware holding U.S. Patent No. 4,830,014 (the '014 patent) not invalid and infringed. BOC Health Care, Inc. v. Nellcor Inc., 892 F.Supp. 598 (D.Del.1995). We affirm.
 
 DISCUSSION
 
 2
 The '014 patent pertains to a sensor in an oximeter for non-invasively measuring the amount of oxygen in blood. The '014 patent generally discloses a probe having light emitting diodes and a photosensor. When in use the probe is disposed across a portion of the body, such as a finger or the nose, in order to transilluminate that portion of the body between the diodes and the photosensor. Based on the quantity of light detected by the photosensor, the amount of oxygen in the blood may be determined.
 
 
 3
 BOC is licensed by Nellcor, the owner of the '014 patent, to manufacture and sell the patented sensor for use with BOC's own oximeters. After BOC took steps to sell its sensors for use with third party oximeters, Nellcor objected and BOC filed an action for a declaratory judgment of invalidity of three Nellcor patents, including the '014 patent, and a declaration that BOC did not misappropriate trade secrets. Nellcor counterclaimed for infringement of the three patents as well as a fourth patent. Only the '014 patent is at issue on appeal. The district court, after construing claim 1 of the '014 patent, found the patent not invalid and infringed by BOC.
 
 
 4
 On appeal, BOC does not challenge the district court's claim construction. Rather, it asserts that given this claim construction, the district court's findings pertaining to obviousness are clearly erroneous and its ultimate conclusion that the '014 patent is not obvious in view of U.S. Patent Nos. 4,380,240 and 4,510,938 both to Jobsis is incorrect as a matter of law. We disagree.
 
 
 5
 The district court found that neither of the Jobsis patents, which were cited by the Patent & Trademark Office during the prosecution of the '014 patent, disclosed a "flexible, initially substantially planar, web-like support structure" allowing the sensor to conform to any convex portion of blood perfused tissue as required by the claims of the '014 patent. BOC has not shown this finding to be clearly erroneous.
 
 
 6
 Jobsis '240, the primary reference relied on by BOC, discloses a rubber block support structure attached to a Velcro TM strap. This block structure, while described as "resilient and deformable," is not flexible or pliant enough to conform to any convex portion of a patient's skin. Nor is there any teaching in Jobsis '240 to make its rubber block so flexible. Claim 1 of the '014 patent specifically requires that the support structure be flexible enough to conform to the skin without stressing the skin or the underlying tissue. Jobsis '240, which operates on light reflectance rather than transillumination, specifically requires that its rubber block be compressed against the skin in order to obtain maximum reflectance. Thus, there is no motivation to modify Jobsis '240 to obtain the sensor claimed in the '014 patent. Moreover, Jobsis '938, which BOC relies on to show that the sensor could be attached by use of adhesives rather than a Velcro TM strap, does not cure the deficiencies of Jobsis '240. Accordingly, the district court correctly concluded that the Jobsis patents do not render the '014 patent obvious.
 
 
 7
 As to the district court's finding of infringement, BOC merely argues that it does not infringe the '014 patent because the optical components on its sensors are raised from the support structure and are thus not indistinguishable from the support structure in the tactile sense as the '014 patent requires. The district court, however, had the opportunity to observe the accused devices first hand and determined that they were "substantially planar" as claimed. Upon our review, we discern no clear error in this finding.
 
 
 8
 Nellcor cross-appeals the district court's denial of its request for an injunction against future infringement. The court refused Nellcor's request because it found no threat of future infringement. The court noted that this was a declaratory judgment action and that BOC had never infringed or otherwise benefited from Nellcor's property rights in the patents at issue. The grant or denial of injunctive relief is within the discretion of the court and depends upon the facts of each case. W.L. Gore & Assocs., Inc. v. Garlock, Inc., 842 F.2d 1275, 1281, 6 USPQ2d 1277, 1283 (Fed.Cir.1988). Nellcor has failed to show that the court abused its discretion in this case.